UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

    Douglas Nadolski,

              Debtor.
_____/

Chapter 7 Case No. 11-43895
Hon. Walter Shapero

Adversary Case No. 11-5635
Hon. Water Shapero

Joseph Constant,

        Plaintiff/Appellant,

v.

Douglas Nadolski,

        Defendant/Appellee.
_____/

Case No. 12-11225
Hon. Victoria A. Roberts

**<u>ORDER GRANTING PLAINTIFF/APPELLANT JOSEPH CONSTANT *IN FORMA PAUPERIS* STATUS AND ALLOWING HIM TO PROCEED ON APPEAL WITHOUT PAYMENT OF FILING FEE</u>**

**I.    INTRODUCTION**

Creditor Joseph Constant appeals a final decision of the United States Bankruptcy Court for the Eastern District of Michigan in the above-captioned adversary proceeding. The only issue now before the Court is whether Mr. Constant should be granted *in forma pauperis* ("IFP") status and be allowed to proceed without payment of the filing fee on appeal.

On May 2, 2012, the Court ordered Appellant to show cause why the case should not be dismissed for failure to pay the filing fee (Doc. 7). Appellant responded on May

1

15, 2012 (Doc. 8).  Also before the Court is a document entitled "Plaintiff's/Appellant's Ex-Parte Appeal of Court Order Denying Motion for Waiver of Appeal Fee" (Doc. 10).  In that document, Appellant asks the Court to reconsider the Bankruptcy Court's decision to deny him a waiver of the filing fee.

For the reasons that follow, the Court **GRANTS** Appellant IFP status, allows him to proceed without payment of the filing fee, and **STRIKES** his "Ex-Parte Appeal" (Doc. 10) as **MOOT**.

II.     BACKGROUND

Plaintiff initially moved for a waiver of the appeal fee in Bankruptcy Court on February 8, 2012 (BK Doc. 56).  Judge Shapero entered an order on February 28, 2012, requiring that further information be provided within 10 days to assist him in deciding that motion (BK Doc. 64).  Plaintiff failed to comply, and the motion was denied on March 16, 2012 (BK Doc. 65).  The Record on Appeal was transmitted to this Court on March 19, 2012.

On April 4, 2012, after the Bankruptcy Court had been divested of jurisdiction, Appellant wrote a letter to Judge Shapero saying that he did not receive a copy of the Bankruptcy Court's February 28 Order, and therefore, he could not have timely responded.  He requested that the Bankruptcy Court reconsider its March 16 Order.  Appellant attached various documents to the April 4 Letter to support his claim of indigence, including a Michigan Bridge Card providing $200 per month in food assistance, and 2011 tax returns showing a gross income of $585.

III.    DISCUSSION

This Court has jurisdiction to waive the filing fee for an indigent litigant appealing a decision of a United States Bankruptcy Court. 28 U.S.C. § 1915(a)(1) states: "[A]ny court of the United States may authorize the prosecution . . . of any . . . appeal . . . without prepayment of fees or security" if the litigant submits an affidavit demonstrating that the litigant "is unable to pay such fees or give security therefor." This Court is a "court of the United States," and is therefore empowered to grant IFP status on this bankruptcy appeal. Indeed, several other courts have held that a district court may grant IFP status to a litigant on an appeal of a decision of a Bankruptcy Court. *See In re Gharbi*, No. 11-759, 2012 WL 90454 (W.D. Tex. Jan. 10, 2012) (collecting cases); *see also Wynn v. Reiber*, 173 F.3d 848 (2d Cir. 1999); *In re Fromal*, 52 F.3d 321 (4th Cir. 1995).

Although Appellant did not submit an affidavit demonstrating that he is unable to pay the filing fee, the Court believes that requiring him to do so now would be a useless formality in light of his April 4, 2012 letter and the documents attached to it. In that letter to Judge Shapero, Appellant writes "I declare under penalty of perjury that the foregoing is true and correct." The attached documents indicate that Appellant had a gross income in 2011 of $585; that he received $200 per month in food assistance from the State of Michigan; and that as of April 4, 2012, he had a balance of $59.50 in his bank account.

The Court does not believe Appellant is able to pay the filing fees of $293 plus an additional statutory fee of $5. 28 U.S.C. § 1930.

### IV.  CONCLUSION

The Court **GRANTS** Appellant IFP status, allows him to proceed on appeal

3

without payment of the filing fee, and **STRIKES** his "Ex-Parte Appeal" (Doc. 10) as **MOOT**.

  **IT IS ORDERED.**

              **S/Victoria A. Roberts**
              **Victoria A. Roberts**
              **United States District Judge**

**Dated: August 17, 2012**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Joseph Constant by electronic means or U.S. Mail on August 17, 2012.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**