# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**DOUGLAS NADOLSKI,**                      **HON. WALTER SHAPERO**
                                           **United States Bankruptcy Judge**

              **Debtors(s).**             **CASE NUMBER: 12-11225**
                                          **HONORABLE VICTORIA A. ROBERTS**
_____

**JOSEPH CONSTANT,**

              **Plaintiff(s),**
**v.**

**DOUGLAS NADOLSKI,**

              **Defendant(s).**
_____/

## ORDER

    Joseph Constant ("Plaintiff") is a consumer and alleges that Douglas Nadolski ("Defendant"), a seller of mattresses, sold him a $550 mattress which he paid for but never received. Plaintiff says that Defendant fraudulently resold the mattress to another customer, and then refused to refund Plaintiff his $550.

    Plaintiff initially filed an action in state court alleging that he is entitled to $25,000 in compensatory and punitive damages. Plaintiff says that in response to his state court action, Defendant filed for Bankruptcy. On January 27, 2012, Judge Walter Shapero awarded a judgment of nondischargeability in the amount of $650 against Defendant in the Bankruptcy proceeding, in favor of Plaintiff.

    Plaintiff does not assign error to Judge Shapero's order or argue that he was entitled to

punitive damages in the Bankruptcy Court.  Rather, he now asks the Court to supplement the Bankruptcy order with punitive damages of $24,350.  On September 24, 2012, Defendant responded saying that because Plaintiff does not allege that Judge Shapero erred, he is not appealing the order. Defendant contends the Court does not have jurisdiction to hear the claim.  Defendant also asks for Rule 11 sanctions.  Plaintiff filed his reply.

Defendant is correct.  Under 28 U.S.C. § 158 (a)(1) there is a right to appeal only a final judgment, order or decree.  An order is final if it disposes of the case.  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").  "The very nature of an appeal is to challenge perceived errors in a lower court's rulings."  *In re Parker*, 499 F.3d 616, 622, fn5 (6th Cir. 2007). Since Plaintiff does not challenge any part of Judge Shapero's order, it is not an appeal. Accordingly, the Court considers Plaintiff's filing as a new lawsuit seeking damages.

A federal court has jurisdiction over federal claims as well as state law diversity claims which exceed $75,000 exclusive of cost and interest.  28 U.S.C. § 1331 and 1332.

In Plaintiff's statement of issues, he says that he believes this Court -- not the Bankruptcy Court -- has authority to grant punitive damages.  He argues that his claim is based on state law and that the amount in controversy is $24,350.  Because the amount in controversy does not exceed $75,000, the Court does not have jurisdiction.

The Court **DISMISSES** Plaintiff's appeal.  To the extent Plaintiff alleges a new cause of action, the Court does not have jurisdiction over it.

Defendant asks the Court for sanctions under Federal Rule of Civil Procedure 11(c).  Rule 11 provides a "safe harbor" period, within which the offending party must be afforded an opportunity to withdraw the inappropriate document.  *Moore v. Lafayette Life Ins. Co.*, 458 F.3d

416, 446 (6th Cir. 2006) ("sanctions under Rule 11 are only appropriate when a party is made aware of the offending document as filed with the court and has an opportunity to withdraw the filing"). The "safe harbor" provision states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

Defendant did not serve a "safe harbor" notice letter on Plaintiff prior to filing his request for sanctions with the Court. Accordingly, the Court **DENIES** his motion for Rule 11 sanctions.

**IT IS ORDERED**.

                                          /s/ Victoria A. Roberts
Dated: October 22, 2012          United States District Judge

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Joseph Constant by electronic means or U.S. Mail on October 22, 2012.

 /s/ Linda Vertriest
Deputy Clerk

---

3